# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| YERO NOBLE, ) | |
| ) | No. 2:19-cv-1159-DCN-MGB |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| REPUBLIC SERVICES OF SC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 47, that the court grant defendant Republic Services of SC's ("Republic") motion for summary judgment, ECF No. 38. For the reasons set forth below, the court adopts the R&R and grants the motion.

## I. BACKGROUND

The R&R ably recites the background of this case. Therefore, in lieu of a more thorough recitation, the court provides only a brief summary of those facts material to its analysis. This lawsuit arises out of Republic's alleged race- and age-motivated discrimination and retaliation against its former employee, plaintiff Yero Noble ("Noble"), an African American over forty years old. Republic, a waste collection and disposal company, hired Noble in September 2005 as a residential driver. At some point during his career, Republic promoted Noble from his entry-level position to an operations supervisor in its commercial division. In 2017, Noble sought admission to various training programs, applied for a promotion, and requested transfer to different facilities. Republic denied each of these requests. During that same period, Noble alleges that his manager, Robert Carter ("Carter"), made several complimentary comments about his

1

hairstyle, which made him "uneasy" based on his belief that they evinced his manager's romantic "interest" in him. ECF No. 38-2, Noble Dep. 155:10–156:12; 159:3–20. In November 2017, Noble resigned and took employment elsewhere.

On April 22, 2019, Noble filed this action against Republic, asserting: (1) race discrimination in violation of 42 U.S.C. § 1981, (2) retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and § 1981, (3) hostile work environment in violation of Title VII and § 1981, and (4) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). ECF No. 1. On October 16, 2020, Republic filed a motion for summary judgment, ECF No. 38, which garnered a response, ECF No. 41, and a reply, ECF No. 42. On June 2, 2021, Magistrate Judge Baker filed the R&R, recommending that the court grant Republic's motion in full. ECF No. 47. On June 16, 2021, Noble filed objections to the R&R. ECF No. 48. And on June 30, 2021, Republic replied to the objections. ECF No. 49. Thus, this matter has been fully briefed and is ripe for the court's review.

## II.  STANDARD

### A.  R&R

The Magistrate Judge only makes a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection

is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " Id. (quoting Fed. R. Civ. P. 56(e)).  The plain language of Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion." Major, 2012 WL 2000680, at *1.

### III.   DISCUSSION

In the R&R, Magistrate Judge Baker recommends that the court grant Republic's motion for summary judgment and dismiss each of Noble's claims.  Noble has filed three objections to the R&R, each of which the court addresses in turn.  Before approaching the substance of those objections (if the court can locate any substance at all), the court addresses Noble's first generalized claim of error.  At the outset of Noble's objections, Noble's counsel writes:

> The Court's[1] rendition of the background is not in a light most favorable to
> the Plaintiff which [sic] is required by the Federal Rules of Civil Procedure-

---

[1] To be clear, Noble uses "the Court" to denote reference to the Magistrate Judge.

> from [sic] the non-moving party's point of view.  The Court failed to set forth essential facts as to the Plaintiff's employment.  [ . . . ]
>
> Specifically, the Plaintiff objects to the court's rendition of facts regarding the Plaintiff's employment.  As the court has only cited to two documents the Plaintiff's complaint and the Defendant's Motion for Summary Judgment, ignoring the Plaintiff's rendition of facts in the light most favorable to the non-moving party [sic].

ECF No. 48 at 5 (footnote added).  Despite its use of the word "specifically," there is nothing specific about this objection.  Because it fails to point to a discrete error in the R&R, the court need not address it.  <u>Orpiano</u>, 687 F.2d at 47.  Nevertheless, taken aback by the blatant falsity of Noble's charge that the R&R failed to support its presentation of the facts with relevant evidence, the court feels compelled to respond.  To be clear, the Magistrate Judge thoroughly and thoughtfully analyzed Noble's claims, with comprehensive citations to both the evidentiary record and relevant law.  The R&R's recitation of the facts includes citation to Noble's applications to various training programs, ECF No. 47 at 5 (citing ECF No. 38-11), as well as his resignation letter, <u>id.</u> (citing ECF No. 38-23).  Further, in its seventeen-page discussion of Noble's claims, the R&R provides dozens of citations to the record in a painstaking review of the evidence, including references to Noble's deposition testimony, Republic's employment policies and procedures manual, affidavits from Noble's managers, deposition testimony from Noble's managers and colleagues, and various emails between Republic employees.  <u>Id.</u> at 5–22.  Noble's claim that the Magistrate Judge erred by failing to fully consider the record and provide citation to the relevant evidence is nothing short of absurd.[2]  With that, the court turns to Noble's remaining objections.

---

[2] This hollow objection strikes the court as particularly ironic, given that Noble's counsel fails to cite to even a single scrap of evidence in her eleven-page brief and,

5

### A. Objection 1

Noble's age- and race-based discrimination claims require him to show, inter alia, that Republic took an "adverse employment action" against him. Perkins v. Int'l Paper Co., 936 F.3d 196, 207 (4th Cir. 2019) (race discrimination); Wakefield-Brace v. Greenwood Sch. Dist. 50, 2017 WL 9286975, at *8 (D.S.C. May 25, 2017), adopted, 2017 WL 2569846 (D.S.C. June 14, 2017) (age discrimination). In the R&R, Magistrate Judge Baker determined that two of the "adverse employment actions" on which Noble bases his claims do not qualify as such under the law. The R&R explained that a qualifying adverse employment action must "have a 'significant detrimental effect' on the employee," such as discharge, demotion, a dock in pay, or a decision that significantly impairs the employee's chance of a promotion. ECF No. 47 at 8 (quoting Peary v. Goss, 365 F. Supp. 2d 713, 722 (E.D. Va. 2005), aff'd, 180 F. App'x 476 (4th Cir. 2006)). Based on her review of the record, Magistrate Judge Baker found that Republic's failure to transfer Noble and denial of his requests to participate in training programs did not have any "significant detrimental effect" on Noble's employment and thus did not constitute "adverse employment actions" against him. Id. at 8–10. Accordingly, the R&R concluded that "the only adverse employment action [Noble] suffered in this case was [Republic's] failure to promote him." Id. at 11.

Noble now objects to that finding, stating:

> The Plaintiff agrees that not every personnel decision constitutes an adverse employment action for purposes of a disparate discrimination claim. However, when one examines the Plaintiff's employment as a whole there is a question of fact [sic]. The Court summarily dismisses the facts and

---

perhaps worse, fails to provide a single word of law that might support her client's position in her seven-page analysis of Republic's grounds for summary judgment. See ECF No. 48. She who lives in a glass house should be wary of throwing stones.

> decides that the failure to promote was the only adverse employment action. This is an error as all the actions together the failure to transfer him, failure to train him add to the overall environment and the failure to promote [sic]. They are all separate actions and should be addressed at such [sic] as they create the hostile work environment and the disparate treatment claim.

ECF No. 48 at 5.  The court does not know what to make of this objection.  In back-to-back sentences, Noble asks the court to consider "all the [employment] actions together" and then immediately notes that they "are all separate actions and should be addressed a[s] such . . . ."  Id.  Furthering the confusion, the objection conflates Noble's race and age discrimination claims, which require Noble to show an adverse employment action, with his hostile work environment claim, which does not so require.  See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015).  Because this objection fails to intelligibly point to any specific error, the court reviews the relevant portion of the R&R for clear error.  Day v. Onstar, LLC, 2019 WL 3315278, at *1 (E.D. Mich. July 24, 2019), aff'd, 2019 WL 7811329 (6th Cir. Dec. 18, 2019) (finding de novo review unnecessary in the face of "largely unintelligible objections").  The court's review of the R&R's analysis reveals no error.

Under the heading of her first objection, Noble's counsel also writes, "The Court sets forth that the Plaintiff failed to set forth that this action harmed him.  Unfortunately, this is an error as the facts clearly set forth that the intent of the Plaintiff was to get experience on both sides and this led to that experience [sic]."  ECF No. 48 at 5.  Affording Noble the benefit of every doubt, the court takes this objection to mean that Republic's failure to place Noble in experiential training programs should constitute an adverse employment action.  But denying an opportunity for experience, without more, does not rise to the level of an adverse employment action.  Instead, Noble must show

7

that Republic's failure to place him into training programs had a more fundamental effect on his employment, such as reducing his opportunity for promotion. Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999). As the R&R explained, nothing in the record reflects that Noble was denied promotional opportunities because of his failure to participate in the training programs. ECF No. 48 at 9–10. Noble fails to point to any evidence to the contrary, and the court's review of the record likewise reveals none. Moreover, as the R&R also noted, Republic offered Noble other experiential training opportunities, and Noble actually enrolled in one of the training programs after his initial application was denied. Id. at 10. Thus, the court agrees with the R&R and rejects Noble's first objection.[3]

### B. Objection 2

Noble's next objection concerns his claim of retaliation. "To establish a prima facie claim of retaliation, a plaintiff must show: (1) that he engaged in protected activity, (2) that the employer took a materially adverse action against him and (3) there is a causal connection between the protected activity and the adverse action." Perkins v. Int'l Paper Co., 936 F.3d 196, 213 (4th Cir. 2019). A "protected activity" is one that is "oppositional to discriminatory conduct," such as protesting an unlawful policy. Chang

---

[3] Also under the heading of her first objection, counsel for Noble includes a two-page meandering, stream-of-consciousness summary of the facts, few of which bear any relevance to the R&R's finding and none of which include citation to the record. Like the majority of counsel's brief, this section is riddled with grammatical and spelling errors, contributes little in terms of material legal analysis, and, at times, borders on incoherent. See, e.g., ECF No. 48 at 8 ("The Court's interpretation of these incidents failed to harm the Plaintiff are in error and the interpretation should be rejected."), 9 ("The Plaintiff objects to the recommendation that his claims for race/age discrimination claims based on disparate treatment as he has clearly showed a genuine issue of material fact and that the Defendant is not entitled to judgement as a matter of law.").

Lim v. Azar, 310 F. Supp. 3d 588, 604 (D. Md. 2018). In opposing summary judgment, Noble argues that he engaged in a protected activity when he complained to a supervisor about comments made by his manager, Carter. According to Noble, Carter made several unwelcomed comments complimenting Noble's hair. The R&R disagreed, finding that Noble's reporting of Carter's comments did not constitute a protected activity as a matter of law.

Now, Noble objects to the R&R's finding, arguing, "Unfortunately, the Court committed a drastic error in their [sic] interpretation of the facts as the issue regarding the Plaintiff's hair was directly related to his race and [sic] therefore, he made a complaint regarding a protected characteristic." ECF No. 48 at 10.[4] But the R&R clearly and accurately explained that Noble failed to demonstrate any connection between Carter's comments and Noble's race:

> [T]he record does not reflect that Plaintiff opposed discrimination based on a protected characteristic when making these complaints. Rather, Plaintiff testified that he did not feel that Mr. Carter's comments about his hairstyle were race-based. In fact, Plaintiff confirmed that Mr. Carter never mentioned Plaintiff's race in connection with his comments about Plaintiff's hair. Plaintiff explained that Mr. Carter's comments made him feel "uneasy" because Mr. Carter's frequent complimenting of Plaintiff's hairstyle made it seem as if Mr. Carter was "interested" in him. As such, Plaintiff cannot establish that these complaints constitute protected activity for purposes of his claim of "retaliation for complaints regarding race discrimination."

---

[4] Confusingly, in her very next breath, Noble's counsel contradicts herself by conceding that Carter's comments were unconnected to Noble's race. ECF No. 47 at 10 ("The comments may not have been race based [sic] . . . ."). It is difficult, then, to even discern what Noble's counsel is attempting to argue.

ECF No. 47 at 17–18 (internal citations omitted).  Noble gives the court no reason to disagree; therefore, his objection is overruled.[5]

### C.  Objection 3

Noble's final objection concerns his hostile work environment claim.  To state such a claim, a plaintiff must demonstrate that, inter alia, his employer engaged in conduct that was "sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment."  Okoli v. City Of Baltimore, 648 F.3d 216, 220 (4th Cir. 2011).  On that front, the R&R found that Noble failed to demonstrate a sufficiently hostile work environment.  In one final generalized objection, Noble argues that the Magistrate Judge failed to "examine[] the record as a whole," pointing once again to Republic's failure to promote Noble and place him in training programs.  ECF No. 48 at 10.  Again, the R&R's analysis forecloses Noble's theory:

> Here, [Noble]'s hostile work environment claim is based largely on his inability to obtain professional development opportunities and promotions. However, . . . such events cannot support a hostile work environment claim because they "cannot reasonably be described as either frequent, physically threatening or humiliating."  [Perkins v. Int'l Paper Co., 936 F.3d 196, 209 (4th Cir. 2019).]   Further, [Noble] does not allege that these events interfered with his ability to perform his job.  In fact, [Noble] argues that he "maintained his employment and met or exceeded in performance" despite [Republic]'s rejections.  [ECF No. 41 at 29].

ECF No. 48 at 21.  Noble's argument ignores this analysis entirely.  It fails to explain how Noble's inability to obtain a promotion or training "alter[ed] [his] conditions of

---

[5] Further still, the R&R went on to find that, even had Noble demonstrated engagement in a protected activity, he failed to show that he experienced an adverse employment action as a result.  ECF No. 48 at 18–19.  The court agrees with that finding and therefore adopts it.

employment and create[d] an abusive work environment." Okoli, 648 F.3d at 220. The court therefore overrules the objection and adopts this portion of the R&R.

At bottom, Noble's objections are rich in conclusions but destitute of all meaningful substance. An effective argument applies the applicable law to the relevant evidence. Bereft of either, Noble's objections do little in the way of opposing summary judgment and fall well short of warranting de novo review of the R&R. Having reviewed the R&R for clear error and having found none, the court overrules each of the objections, adopts the R&R, and grants summary judgment in favor of Republic.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **GRANTS** the motion for summary judgment.

**AND IT IS SO ORDERED.**

  **DAVID C. NORTON**
  **UNITED STATES DISTRICT JUDGE**

**August 30, 2021**
**Charleston, South Carolina**

11